[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10884
Non-Argument Calendar
_____

D.C. Docket No. 3:19-cr-00084-TJC-PDB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT VINCENT HICKS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 3, 2020)

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Albert Vincent Hicks appeals his sixty-month sentence for his conviction of knowingly and intentionally distributing heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). He asserts that his sentence, imposed following a twenty-three-month upward variance from his thirty to thirty-seven-month Guidelines range, was substantively unreasonable because the district court gave excessive consideration to his prior convictions.[1]

We review the substantive reasonableness of a sentence using a deferential abuse of discretion standard and "only look to see if the district court abused its discretion by committing a clear error in judgment." *United States v. Irey*, 612 F.3d 1160, 1165 (11th Cir. 2010) (en banc). The same standard applies to the review of a sentence imposed after a variance from the advisory Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation mark omitted). We may not "set aside a sentence merely because we would have decided that another

---

[1] The issue statement of Hicks's brief also alleges, without further argument, that the district court failed to take into account certain mitigating evidence. Hicks does not elaborate on this argument and has thus abandoned it. *See Sapuppo v. Allstate Floridians Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (per curiam) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

2

one is more appropriate," because a district court's sentence "need not be the most appropriate one, it need only be a reasonable one." *Id.* at 1191.

The party challenging the sentence bears the burden of showing the sentence was unreasonable in light of the record and the § 3553(a) factors. *United States v. Langston*, 590 F.3d 1226, 1236 (11th Cir. 2009) (per curiam). A sentence well below the statutory maximum points strongly to reasonableness. *United States v. Nagel*, 835 F.3d 1371, 1377 (11th Cir. 2016) (per curiam); *see also United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (explaining that the reasonableness of a sentence may be indicated where the sentence imposed is significantly below the statutory maximum sentence).

The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. *Id.* § 3553(a)(2). Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable Guidelines range, and the pertinent policy statements of the Sentencing Commission. *Id.* § 3553(a)(1)–(7).

The weight to be accorded any given § 3553(a) factor lies within the district court's sound discretion. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) (per curiam). However, a district court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Id.* at 1326–27. While the district court must evaluate all § 3553(a) factors in determining a sentence, it is "permitted to attach great weight to one factor over others." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).

Upward variances are based on the § 3553(a) factors. *See, e.g., United States v. Overstreet*, 713 F.3d 627, 637–38 (11th Cir. 2013) (per curiam). A district court may vary upward if it concludes the Guidelines range was insufficient in light of a defendant's criminal history. *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) (per curiam). In determining whether to vary from the Guidelines range, a court may consider prior criminal conduct even when the probation officer already considered that conduct in calculating the advisory Guidelines range. *United States v. Moran*, 778 F.3d 942, 984 (11th Cir. 2015).

We may consider the extent of a variance in determining the reasonableness of an out-of-Guidelines sentence. *Gall*, 552 U.S. at 51. Ordinarily, a "major

4

[variance] should be supported by a more significant justification than a minor one." *Id.* at 50.  However, the Supreme Court has rejected the notion that a substantial upward variance must be supported by extraordinary circumstances.  *Id.* at 47.

Here, the district court did not abuse its discretion in imposing a 60-month sentence.  Even after the upward variance, Hicks's sentence was far below the statutory maximum of 360 months.  *See* 21 U.S.C. § 841(b)(1)(C).  The court properly considered the § 3553(a) factors, including Hicks's criminal history and lack of remorse.  In doing so, nothing precluded the court from varying from the Guidelines range based on facts already considered by the probation officer.  *See Moran*, 778 F.3d at 984.  Lastly, we do not require extraordinary circumstances in support of a substantial upward variance.  *See Shaw*, 560 F.3d at 1238–41 (affirming as reasonable a district court's upward variance of over three times the applicable Guidelines range based primarily on the defendant's criminal history and recidivism).

In light of Hicks's substantial criminal record spanning over thirty years and the district court's finding that Hicks lacked remorse, Hicks's sentence was substantively reasonable and we therefore affirm.

**AFFIRMED.**